LARA HOSSELTON, Guardian of the Estate of Edward Niggeman, a Disabled Person, Plaintiff-Appellant, v. FIRST AMERICAN BANK, N.A., *et al.*, Defendants-Appellees.

Third District   No. 3—92—0289

Opinion filed February 5, 1993.

Edward G. Vogt, of Kankakee, for appellant.

William D. Heinz, of Jenner & Block, of Chicago (James D. Noseda, of counsel), for appellee First American Bank.

Phillip M. Goldberg, of Coffield, Ungaretti & Harris, of Chicago (Jennifer K. Walter, of counsel), for appellee Blunt, Ellis & Loewi.

H. Nicholas Berberian, of Neal, Gerber & Eisenberg, of Chicago (Susan Feingold Carlson, of counsel), for appellee Shearson, Lehman & Hutton.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from the dismissal with prejudice of counts I, II, III, V, VI, and VII of the plaintiff's second amended complaint. The plaintiff, Lara Hosselton, acting as guardian of the estate of Edward Niggeman, filed a complaint for damages against the defendants, First American Bank, Blunt Ellis & Loewi, and Shearson Lehman Brothers, Inc. The complaint alleged that defendant First American Bank (First American) made unauthorized payments in the amount of $290,594 out of the estate of Edward Niggeman, a disabled person. The complaint further alleged that defendant Blunt, Ellis & Loewi (Blunt Ellis) improperly sold estate stock in the amount of $134,534.21 and that defendant Shearson Lehman Brothers, Inc. (Shearson), improperly sold estate stock in the amount of $87,768.53. Pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), the defendants filed motions to dismiss the various counts against them for failure to state a cause of action. The motions were granted, and the relevant counts were dismissed with prejudice. The plaintiff appeals from the dismissal of those counts of her second amended complaint. We affirm.

This case arises solely on the pleadings. Accordingly, all well-pleaded facts in the complaint are deemed to be true. *Ault v. C.C. Services, Inc.* (1992), 232 Ill. App. 3d 269, 597 N.E.2d 720.

On December 13, 1990, the plaintiff filed a three-count complaint against the defendants. Count I alleged improper transactions between Lois Hebert and First American. Hebert was the previous guardian of the estate. Count I alleged that First American improperly honored a check, payable to the estate, in the amount of $15,800. Hebert used the proceeds to open a guardian checking account in the amount of $6,500. She received the remaining $9,000 in cash and paid the bank to issue a cashier's check to Larry Hebert in the amount of $6,500. The complaint alleged that this transaction was without lawful authority, without order of court, and without benefit to the estate.

Count I further alleged that First American accepted and paid checks, which were payable to the estate, and accepted checks payable to Hebert, her creditors, friends, and merchants, on drafts issued to the estate or drawn on the guardian account. These transactions were alleged to be without order of court, without lawful authority, and without benefit to said estate.

Count II was pled in the alternative against Blunt Ellis. Count II alleged that, at the direction of Hebert, the defendant purchased or sold estate stock valued at $134,534.21. This conduct allegedly violated section 19—2 of the Probate Act of 1975 (the Probate Act) (Ill. Rev. Stat. 1991, ch. 110½, par. 19—2).

Count III was directed against defendant Shearson and alleged that Shearson purchased or sold to others estate stock valued at $87,768.53. Shearson's conduct allegedly violated section 19—2 of the Probate Act.

All three defendants moved to dismiss the complaint for failure to state a cause of action. On March 8, 1991, plaintiff was granted leave to file an amended complaint.

The amended complaint was in eight counts. Counts I and VII were directed against First American. Count I of the amended complaint repeated the allegations of count I of the original complaint, but further alleged that First American had violated section 4 of the Fiduciary Obligations Act (the Act) (Ill. Rev. Stat. 1991, ch. 17, par. 2000 *et seq.*). Count I further alleged that First American was aware that Hebert was breaching her obligation as a fiduciary in endorsing the $15,800 check. It was also alleged that First American acquired knowledge of Hebert's breach of fiduciary duties, or facts amounting to bad faith, claiming that First American was aware of the following: (1) lack of a court order authorizing Hebert's expenditures; (2) that there was no basis in reasonable possibility that the estate required those expenditures; (3) the amounts

deposited and withdrawn indicated that the estate was being defrauded; and (4) that a looting of the estate was the only possible inference. Count VII repeated many of the allegations of count I, but did not allege a violation of the Act. First American moved to dismiss count I because it failed to include factual allegations to support its conclusions, and count VII for failure to state a cause of action.

Counts IV and V of the amended complaint were directed against defendants Blunt Ellis and Shearson, respectively. The allegations in count IV and V of the amended complaint were identical to those made against Blunt Ellis and Shearson in the original complaint. Blunt Ellis and Shearson moved to dismiss counts IV and V of the amended complaint, respectively.

While the various motions to dismiss were pending, the plaintiff took the discovery depositions of Michael Bruner, an employee of Shearson; Gerald Elder, Blunt Ellis' account representative; and three First American employees. On November 1, 1991, the trial court issued a memorandum opinion tentatively granting the motions to dismiss. On December 5, the plaintiff was given leave to file a second amended complaint.

Counts I and V of the second amended complaint were directed against First American. Count I essentially repeated the allegations of count I of the amended complaint, but made the following changes: (1) it was now alleged that part of the proceeds of the $15,800 check were deposited in a joint checking account of Lois and Margaret Hebert at First American; (2) it was alleged that the transactions regarding the $15,800 check indicated a failure to act in a commercially reasonable manner and constituted knowledge of fraud and/or facts giving rise to bad faith in making the payments; (3) the allegation of a violation of section 4 of the Act was dropped and replaced by allegations of violations of sections 7, 8, and/or 9 of the Act (Ill. Rev. Stat. 1991, ch. 17, pars. 2007, 2008, 2009); (4) it was alleged that on May 16, 1989, First American paid Hebert $16,000 on a check made to her order from the guardian account; and (5) it was alleged that checks to merchants drawn on the guardian account by Hebert were paid with knowledge of fraud or of facts giving rise to bad faith, and such action was commercially unreasonable. Count VII of the amended complaint was redesignated as count V of the second amended complaint without making any new allegations. On December 24, 1991, First American moved to dismiss counts I and V of the second amended complaint.

Counts II and VI of the second amended complaint were directed against Blunt Ellis. Count II repeated the previous allegation that Blunt Ellis' actions violated section 19—2 of the Probate Act. Count VI alleged that Blunt Ellis either had knowledge that Hebert was breaching her duty as a fiduciary or at least had knowledge of facts giving rise to bad faith. The counts against Shearson were similar. Count III repeated the previous allegation that Shearson's actions violated section 19—2 of the Probate Act, while count VII made the same charges against Shearson that were made against Blunt Ellis in count VI. Shearson and Blunt Ellis both moved to dismiss the charges against them.

On March 9, 1991, the circuit court issued a memorandum opinion. In that opinion, the court found that the plaintiff had not stated a cause of action. The court found specifically that section 19—2 of the Probate Act could not form a basis of liability with respect to any defendant. Further, the court found that the plaintiff could not state a cause of action that would take the complaint outside the protections of the Fiduciary Obligations Act. The court also rejected the plaintiff's argument that the Act must be pled as an affirmative defense. On March 23, 1991, the circuit court entered a judgment of dismissal of all counts against First American, Blunt Ellis, and Shearson. The court further entered a finding that there was no reason to delay enforcement or appeal.

The plaintiff brought an appeal to this court, asking us to consider the following issues: (1) whether First American is chargeable with fraud or bad faith in paying out monies from a fiduciary account; and (2) whether Shearson and Blunt Ellis are liable for selling stock from the estate without a court order, and whether they are chargeable with fraud and bad faith.

The standard of review on appeal from a grant of a motion to dismiss a complaint is whether the complaint alleged facts which sufficiently state a cause of action. *Melton v. Central Illinois Public Service Co.* (1991), 220 Ill. App. 3d 1052, 581 N.E.2d 423.

■ The plaintiff first argues on appeal that First American is chargeable with fraud or bad faith in paying out monies from a fiduciary account. We disagree. In our opinion, the circuit court was correct in finding that the plaintiff could not state a cause of action that would take the complaint outside of the Fiduciary Obligations Act. The purpose of the Act is to cover situations which arise when one person deals honestly with another knowing him to be a fiduciary (*Johnson v. Citizens National Bank* (1975), 30 Ill. App. 3d 1066, 334 N.E.2d 295), and to facilitate a fiduciary's performance of

his responsibilities by limiting the liability of those who deal with him. (*Bellflower Ag Service, Inc. v. First National Bank & Trust Co.* (1985), 130 Ill. App. 3d 80; 473 N.E.2d 998.) The Act relieves a depository bank of the duty of seeing that funds are properly applied and places the burden upon the principal to employ honest fiduciaries. (*Johnson*, 30 Ill. App. 3d 1066, 334 N.E.2d 295.) Specifically, section 4 of the Act provides in part as follows:

"If any negotiable instrument payable or indorsed to a fiduciary as such is indorsed by the fiduciary, or if any negotiable instrument payable or indorsed to his principal is indorsed by a fiduciary empowered to indorse such instrument on behalf of his principal, the indorsee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in indorsing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with actual knowledge of such facts that his action in taking the instrument amounts to bad faith." Ill. Rev. Stat. 1991, ch. 17, par. 2004.

We find section 4 to be dispositive of the proper result to be reached in this case. In order for the plaintiff to have stated a cause of action against First American, she needed to have pled facts showing actual knowledge of wrongdoing or facts indicating bad faith. The plaintiff was not able to plead such facts. Rather, her pleadings were in the nature of conclusional allegations. Legal conclusions unsupported by allegations of specific facts are insufficient to state a cause of action. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37.) Because the plaintiff was not able to plead specific facts showing actual knowledge or bad faith, her complaint against First American was properly dismissed.

■ The plaintiff has argued that the transactions between the bank and Lois Hebert also violated sections 7, 8, and 9 of the Act. Specifically, the claimant argues that payments to Larry and Margaret Hebert were not protected under the Act. We see no merit to this argument. The payment to Margaret Hebert was done by way of a deposit to a joint checking account of Lois and Margaret. Section 9 of the Act specifically allows for deposits to a fiduciary's personal account. The payment to Larry Hebert was in the form of a cashier's check. Section 2 of the Act (Ill. Rev. Stat. 1991, ch. 17, par. 2002) provides that when a person transfers funds to a fiduci-

ary that the fiduciary is authorized to receive, that person is not responsible for the proper application of the funds by the fiduciary. In the case at bar, First American distributed the proceeds of the $15,800 check as directed by Hebert. In the absence of specific factual allegations that the bank knew that Hebert was breaching her fiduciary obligations or that the bank acted in bad faith, the transactions in question were protected by the Act. There were clearly no factual allegations in this case to support a finding of actual knowledge on the part of the bank. Further, we do not believe the allegations support an inference of bad faith. The Act defines something as being done in good faith when "it is in fact done honestly, whether it be done negligently or not." (Ill. Rev. Stat. 1991, ch. 17, par. 2001(2).) The allegations in the plaintiff's complaint do not suggest an inference that the bank acted other than in good faith. The transactions in question were specifically protected by the Act. We do not believe that acts specifically permitted by the Act can be used to support an inference of bad faith in the absence of specific factual allegations that would show that the bank acted dishonestly.

Further, we find that the transactions listed in the complaint regarding checks drawn on the account by Hebert are specifically protected by section 7 of the Act. Once again, in the absence of factual allegations of actual knowledge or bad faith, no cause of action can be stated against First American with regard to these transactions.

■■ The plaintiff's final argument with respect to the counts against First American is that the Act must be pled as an affirmative defense. An affirmative defense gives color to an opponent's claim and then asserts new material by which an apparent right is defeated. (*Zieger v. Manhattan Coffee Co.* (1983), 112 Ill. App. 3d 518, 445 N.E.2d 844.) As the circuit court recognized, the plaintiff tried to state a claim outside the protections of the Act. First American would not have been asserting new material defeating plaintiff's claim by pleading the Act as a defense. The Act, by its terms, requires allegations of actual knowledge or bad faith. We find that the circuit court properly rejected this argument.

The plaintiff's next argument on appeal is that defendants Shearson and Blunt Ellis are liable for selling stock from the guardianship account without a court order authorizing such action. The plaintiff further argues that such action amounts to bad faith. The plaintiff's argument is premised on section 19—2 of the Probate Act. This section provides as follows:

> "By leave of court a representative may lease, sell, mortgage or pledge any personal estate of the ward, when in the

opinion of the court it is for the best interest of the ward or his estate." (Ill. Rev. Stat. 1991, ch. 110½, par. 19—2.)

■ It is clear that this statute creates no liability on the part of Shearson or Blunt Ellis. Section 19—2 does not place a duty on a stockbroker to sell shares of estate stock only with court approval. We affirm the trial court's finding that this section cannot form a basis of liability with respect to these defendants.

■ With respect to the plaintiff's claim that a cause of action was stated against the stockbrokers based on knowledge of facts which establish bad faith, we find that no cause of action was stated for the same reasons that applied to the counts directed at First American. The plaintiff has merely pled conclusional allegations of knowledge of facts establishing bad faith, without pleading any specific facts that would support those allegations. The Fiduciary Obligations Act applies to the transactions between Hebert and the defendant stockbrokers. In the absence of allegations of facts showing actual knowledge of wrongdoing or of facts establishing bad faith, no cause of action can be stated against these defendants.

We further reject plaintiff's argument that the pleadings were sufficient to require an answer and permit discovery. The plaintiff did not plead any factual allegations that would permit her to recover against these defendants. Even after deposing the relevant employees at Shearson and Blunt Ellis, the plaintiff was unable to plead any facts that would support an inference of bad faith.

Because the plaintiff was unable to state a cause of action outside the protections of the Act, we hold that the circuit court correctly dismissed all counts against these defendants. Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SLATER and BARRY, JJ., concur.