BANK OF HOMEWOOD, Plaintiff-Appellee, v. BERT CHAPMAN *et al.*, Defendants-Appellants (Bank of Homewood *et al.*, Defendants-Appellees). .0

First District (3rd Division)    No. 1—92—2026

Opinion filed December 29, 1993.—Rehearing denied February 4, 1994.

Lamar C. Chapman III, of Matteson, for appellants *pro se*.

William J. Bryan, of Homewood, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

This appeal arises from several actions filed by plaintiff, the Bank of Homewood, in an attempt to recover funds from defendants, Lamar C. Chapman III and Bert Chapman, for overdrafts made on their accounts with plaintiff. We affirm in part and reverse in part.

The issues before this court for review are (1) whether the trial court had jurisdiction over defendants Lamar, Bobby, Vanessa and Helen Chapman after said defendants submitted to a citation to discover assets, and whether Lamar and Bobby Chapman were properly named as defendants in said action; (2) whether the trial court had jurisdiction to enter orders of attachment against defendant Vanessa Chapman on April 8, 1991, and defendant Helen Chapman on April 10, 1991, and whether the arrest of said defendants in May of 1991 was contrary to Illinois Supreme Court Rule 369 (134 Ill. 2d R. 369); (3) whether the trial court's order of January 16, 1992, was contrary to the manifest weight of the evidence; (4) whether the trial court's order for sanctions entered on January 31, 1992, against defendants Bobby and Lamar Chapman was contrary to the manifest weight of the evidence; (5) whether the trial judge erred in denying defendants Lamar and Bobby Chapman's motion for a change of venue and their motion for judicial disqualification; (6) whether the trial court erred when it denied defendants Lamar and Bobby Chapman's verified petition for perjury against defendant Bryan; (7) whether the trial court's turnover order in the amount of $3,550.51, entered against defendants Bobby and Helen Chapman, was proper; (8) whether an appearance for plaintiff, defendant Addy and defendant Bryan was properly served and filed and whether the trial court should have entered a default judgment against said individuals for their failure to appear; and (9) whether the trial court erred when it entered an order on April 15, 1993, vacating a prior order entered on May 15, 1991, permitting defendant Bobby Chapman to proceed *in forma pauperis*.

In the original action, plaintiff filed a complaint against defendants Lamar and Bert Chapman in January of 1989, in an effort to obtain $3,841.85 after defendant Lamar Chapman deposited certain drafts for which there were nonsufficient funds. Defendant Lamar Chapman then wrote overdrafts on his account with plaintiff. Defendant Lamar Chapman filed a counterclaim alleging breach of

contract, fraud in the inducement and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121$^1$/$_2$, par. 261 *et seq.*). On December 28, 1989, the trial court dismissed defendant Lamar Chapman's counterclaim, found in favor of plaintiff and entered a judgment against defendant Lamar Chapman for $1,297.22 plus interest, fees and costs and a default judgment of $4,341.85 plus costs against defendant Bert Chapman. On May 3, 1990, the trial court also imposed sanctions upon defendant Lamar Chapman in the amount of $2,925.00 "for reasonable additional expenses incurred due to defendant's frivolous pleadings," in violation of Illinois Supreme Court Rule 137. 134 Ill. 2d R. 137.

Thereafter, defendant Lamar Chapman filed two Federal cases. On September 7, 1990, he sought protection under chapter 13 of the United States Bankruptcy Code (Bankruptcy Code) (11 U.S.C. § 109 *et seq.* (1988)), with the United States Bankruptcy Court for the Northern District of Illinois. Plaintiff, in compliance with section 362 of the Bankruptcy Code (11 U.S.C. § 362 (1988)), took no further collection actions against defendants at this time. On April 17, 1992, the bankruptcy court issued a final order dismissing the petition as a result of defendant Lamar Chapman's failure to file and comply with a chapter 13 plan and to post a supersedeas bond pursuant to the bankruptcy court's order. *Chapman v. Citicorp Mortgage, Inc. & Bank of Homewood* (N.D. Ill. June 24, 1992), No. 92—C—2862; *Chapman v. Citicorp Mortgage, Inc. & Bank of Homewood* (Bankr. N.D. Ill. March 20, 1992), No. 91—C—7990; see also *In re Chapman* (N.D. Ill. 1991), 132 Bankr. 153; *In the Matter of Chapman* (N.D. Ill. 1991), 132 Bankr. 132.

On May 15, 1991, defendants Lamar, Bobby, Vanessa and Helen Chapman filed an action in the circuit court of Cook County against plaintiff, its counsel William Bryan and its president William Addy, seeking injunctive relief and damages and a motion to proceed *in forma pauperis*, which was granted. On that same date, defendants Lamar and Bobby Chapman served notice of their motion for injunctive relief upon Bryan at his home. Upon noticing the Chapmans' car outside of his home, Bryan called the police and reported that there was a suspicious vehicle in front of his home. On May 17, 1991, Bryan told the court that defendants Lamar and Bobby Chapman came to his home "strictly for purposes of harassment." The trial court entered an order naming defendants Lamar and Bobby Chapman as defendants in the action Bank of Homewood v. Bert Chapman, 89—M6—410. The order restrained them, their mutual agents, servants and employees from visiting Bryan's property or visiting or entering his residence.

On May 17, 1991, Assistant State's Attorney John Coyne filed a petition for a rule to show cause as to why defendant Lamar Chapman should not be held in contempt of court for making untrue statements during court proceedings in the action known as Bank of Homewood v. Bert Chapman, 89—M6—410. The record indicates that defendant Lamar Chapman caused a *subpoena duces tecum* to be served on plaintiff Bank of Homewood in an effort to obtain Judge and Mrs. Robert Krop's bank records. Judge Krop had previously entered the $4,341.85 judgment against defendant Bert Chapman. Plaintiff refused to surrender the records. A hearing was held on the motion on July 21, 1991. During the hearing on the motion, defendant Lamar Chapman argued that the subpoenaed material would show that Judge Krop and Bryan were guilty of misconduct. The trial court found that the subpoenaed material was not relevant. Citing *People v. Robinson* (1981), 100 Ill. App. 3d 660, 427 N.E.2d 288, the trial court held defendant Lamar Chapman in direct criminal contempt of court for filing a document with the court which attacks a judge for a malicious purpose. The trial judge made the following statement upon making the ruling:

> "[F]iling the subpoena for Robert and Joan Krop's *** banking accounts is direct contempt of court, in my opinion, and *** serving the subpoena on the Bank of Homewood for a sitting judge's records, based on what he did in a courtroom, is basically trying to hold the judge up to ridicule and to impede the administration of justice."

Defendant was sentenced to seven days in Cook County jail and fined $500.

On July 10, 1991, defendant Lamar Chapman made a motion for a change of venue to a misdemeanor court for the hearing on the rule to show cause as to why he should not be held in contempt of court for making certain allegedly false statements. At that time, the matter had been assigned to a trial judge who presided over a felony trial courtroom. Defendant argued that the motion should be decided in a misdemeanor courtroom because it was made in a misdemeanor courtroom. The trial judge responded by stating that a rule to show cause is not a misdemeanor charge and that jurisdiction to rule upon such a motion emanates from the court's inherent power to punish unlawful conduct. After considering the contents of defendant's motion for a change of venue, the court treated it as a petition for substitution of a judge for cause and transferred it to another judge for a hearing. That judge reassigned the matter back to the transferring judge, who denied the motion for a change of venue.

On January 31, 1992, the trial court entered an order for

sanctions in the amount of $2,060.90 against Francine Schwartz singly; $1,421 severally against Schwartz in her capacity as counsel for defendant Bert Chapman, defendant Lamar Chapman and defendant Bobby Chapman; and $1,731 against defendants Bobby and Lamar Chapman for filing frivolous pleadings in violation of Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137). Later, the trial court entered an order of body attachment against defendant Vanessa Chapman on April 8, 1992, and against defendant Helen Chapman on April 10, 1991, the wives of defendants Lamar and Bobby Chapman, for their failure to submit to citations to discover assets of defendant Bert Chapman in the action known as Bank of Homewood v. Bert Chapman, 89—M6—410. Defendant Schwartz made a motion to vacate the trial court's sanction order and to impose sanctions on Bryan and plaintiff. This motion was denied.

On March 6, 1992, Bryan served Schwartz with a citation to discover assets, to which Schwartz refused to submit. Schwartz made a motion to stay the citation pending disposition of the motion to vacate the order of January 31, 1992, and to sanction Bryan and plaintiff. On March 19, 1992, Bryan filed for wage garnishment against Schwartz. On March 26, 1992, the trial court denied Schwartz's motion to stay the citation to discover assets, her motion to stay the wage garnishment, and her motion to sanction plaintiff and Bryan. On the same date, the trial court issued a rule to show cause as to why she should not be held in contempt of court for refusing to submit to a citation to discover assets. On September 15, 1992, attorney Richard Lipschultz requested leave to file a special and limited appearance on behalf of Schwartz for purposes of contesting the court's jurisdiction to compel her to submit to a citation to discover assets. Lipschultz also petitioned the court for leave to file a motion to strike plaintiff's motion to compel for lack of jurisdiction and for leave to file a petition for change of venue. The trial court denied Lipschultz leave to appear on behalf of Schwartz and leave to file any motions. The trial judge then held Schwartz in contempt of court for failure to appear in response to plaintiff's motions.

In addition to filing a citation to discover assets against Schwartz, plaintiff also filed a citation to discover assets against Craig Phelps, defendants' chapter 13 trustee. Phelps forwarded notice of the citation to defendant Lamar Chapman by regular mail and by certified mail at the time of its filing. Subsequently, plaintiff filed a petition to garnish $5,719.73 from defendant Lamar Chapman's bankruptcy estate. On April 2, 1992, after a full hearing and the presentation of an accounting, the trial court entered a turnover order in favor of plaintiff and against Phelps for the sum of $5,719.73.

The court also entered a turnover order against defendant Bobby Chapman on May 13, 1992, in the sum of $3,550.51. Plaintiff obtained the funds pursuant to the turnover order. Defendant Lamar Chapman made a motion to vacate the turnover order. The motion was denied.

On April 20, 1992, defendant Lamar Chapman filed a petition for relief of the January 31, 1992, judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Defendant Bobby Chapman swore under oath that he personally served Addy with a copy of the notice for relief. The record shows that Addy was never served. On June 8, 1992, plaintiff filed a motion to quash and a request for the entry of a rule to show cause, which included an affidavit of Addy, who swore under oath that he was not within the State of Illinois at any time during the date of the alleged service by defendant Bobby Chapman. On April 24, 1992, plaintiff appeared for a hearing on defendant Lamar Chapman's petition for relief of judgment for the limited purpose of contesting notice. On June 25, 1992, the case was dismissed because defendant Lamar Chapman "either by reason of lapse of time or absence of sufficient diligence." Defendant Lamar Chapman later made a motion to obtain a default judgment against plaintiff. This motion was denied.

Defendant Lamar Chapman requested leave to file a second Federal action under 42 U.S.C. sections 1981, 1983, 1985(3), 1988 and 200a (42 U.S.C. §§ 1981, 1983, 1985(3), 1988, 200a (1988)), *in forma pauperis*. Defendant brought this action against 11 defendants, including the State of Illinois, three judges of the circuit court of Cook County, plaintiff and two of plaintiff's attorneys. Defendant Lamar Chapman alleged that the defendants in the aforementioned action were parties to a conspiracy to harass him and his brother and deprive them of certain Federal rights including his right to due process, equal protection and freedom from cruel and unusual punishment. Defendant Lamar Chapman's application to proceed *in forma pauperis* was denied and the complaint was dismissed on the basis that it was "frivolous within the meaning of section 1915(d)" (42 U.S.C. § 1915(d) (1988)). *Chapman v. State of Illinois* (7th Cir. 1992), 983 F.2d 1072; *Chapman v. State of Illinois* (N.D. Ill., January 14, 1992), No. 92—C—0120; see also *Chapman v. Burton Berger & Associates, Ltd.* (N.D. Ill. 1993), 159 Bankr. 812. This appeal followed.

Where defendants have failed to properly perfect any issues in this case for appeal pursuant to *People v. Enoch* (1988), 122 Ill. 2d 176, 186-88, 522 N.E.2d 1124, 1129-32, we will review the merits of said issues pursuant to Illinois Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), which provides that this court may, in the exercise of

its responsibility to insure that a cause has a just result, grant any relief that the case may require. See *City of Wyoming v. Illinois Liquor Control Comm'n* (1977), 48 Ill. App. 3d 404, 407-08, 362 N.E.2d 1080, 1083; *Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1975), 37 Ill. App. 3d 599, 603, 246 N.E.2d 482, 485.

First, defendants Bert, Lamar, Bobby, Vanessa and Helen Chapman (collectively referred to as defendants Chapman) maintain that the trial court erred when it exercised jurisdiction over defendants Lamar, Bobby, Vanessa and Helen Chapman in the action of Bank of Homewood v. Bert Chapman, 89—M6—410, *after* said defendants submitted to citations to discover assets, and that the trial court erred in naming Lamar and Bobby Chapman as defendants in said action after they submitted to citations to discover assets. We disagree.

Supreme Court Rule 277(f) provides that supplementary proceedings automatically terminate within six months from the date of (1) the respondent's first personal appearance pursuant to the citation, or (2) the respondent's first appearance pursuant to the subsequent process issued, whichever occurs sooner. 134 Ill. 2d R. 277(f).

■ The record shows that the trial court had *in personam* jurisdiction over defendants Lamar, Bobby, Vanessa and Helen Chapman and that it correctly conducted supplementary proceedings involving them. The supplementary proceedings terminated in a timely manner after defendants submitted to citations to discover assets. Defendants, however, went to great lengths to avoid complying with the legitimate supplemental proceedings initiated by plaintiff Bank of Homewood. Defendants' tactics were so extreme that their refusal prompted the trial court to enter rules to show cause and writs of attachment to compel their compliance with the court's supplementary proceeding jurisdiction.

For example, defendant Lamar Chapman made a motion to quash his citation to discover assets in order to avoid compliance. On October 5, 1989, the trial court denied defendant Lamar Chapman's motion and a rule to show cause was served upon him in open court on that same date. On December 14, 1989, defendant Lamar Chapman complied with the citation to discover assets and the supplementary proceeding against him was terminated as of that date.

On September 20, 1990, defendant Bobby Chapman failed to attend the citation to discover assets hearing after being duly served. In response to defendant Bobby Chapman's absence, the trial judge entered a rule to show cause and a scheduled hearing on October 11, 1990. On October 11, 1990, the citation to discover assets against defendant Bobby Chapman was executed and completed.

During that same year, defendant Vanessa Chapman sought to quash a citation to discover assets which was served upon her. On July 8, 1990, the trial court denied said motion and thereafter entered a rule to show cause in response to her failure to comply with the citation. Defendant Vanessa Chapman then made a motion for reconsideration of the trial court's denial of her motion. On December 6, 1990, the trial court denied defendant Vanessa Chapman's motion for reconsideration and specifically advised her to appear for a hearing on the rule to show cause which was scheduled for December 18, 1990. Despite the trial court's orders, defendant Vanessa Chapman failed to attend the hearing thereby resulting in the issuance of a writ of body attachment. On February 21, 1991, defendant Vanessa Chapman appealed to this court in an effort to stay the supplemental proceedings. Said appeal was dismissed. Upon the dismissal of her appeal, this court ruled that the trial court was "permitted to proceed with any and all supplemental proceedings as may be permitted under applicable Illinois law." Defendant Vanessa Chapman then made a motion to reinstate the appeal. On March 7, 1991, this court denied said motion. Subsequently, defendant Vanessa Chapman filed a motion for reconsideration of the court's previous order. On March 8, 1991, this court denied the motion of defendant Vanessa Chapman for reconsideration of the order denying her motion to reinstate the appeal. On May 15, 1991, defendant Vanessa Chapman petitioned the United States Bankruptcy Court to hold plaintiff Bank of Homewood in contempt or, in the alternative, to sanction it for initiating supplementary proceedings. The bankruptcy court denied her motion. Having failed at the trial court level, the appellate court level and in the Federal bankruptcy court to avoid compliance with the citation to discover assets, defendant Vanessa Chapman filed a new action as a pauper in the circuit court of Cook County on May 16, 1991, seeking a temporary restraining order to preclude the trial court from proceeding with supplementary proceedings. Defendant Vanessa Chapman was to appear in the sixth district trial court of Cook County on the citation to discover assets at 1:30 p.m. that afternoon. The trial judge transferred the cause back to the sixth district trial court.

In addition, defendant Helen Chapman filed a motion seeking sanctions against plaintiff Bank of Homewood and/or to quash the citation to discover assets. The trial court denied said motion on February 7, 1991. Thereafter, defendant Helen Chapman failed to appear in compliance with the citation to discover assets as well as the subsequent hearing on a rule to show cause, thereby resulting in the entry of a writ of body attachment against her. On February 14,

1991, defendant Helen Chapman filed an appeal in an attempt to stay the supplemental proceedings. On February 27, 1991, she filed an emergency motion with this court to stay the supplemental proceedings. Thereafter, on March 18, 1991, this court dismissed the appeal and specifically ordered that the trial court was "permitted to proceed with any and all supplemental proceedings as may be permitted under applicable law." Defendant Helen Chapman then made a motion to reinstate the appeal. On April 9, 1991, this court denied said motion. Having failed to circumvent the citation to discover assets at the trial court level and the appellate court level, defendant Helen Chapman filed a new action as a pauper along with an emergency motion for a temporary restraining order on May 16, 1991, in an effort to prevent plaintiff Bank of Homewood from pursuing supplemental proceedings. Like defendant Vanessa Chapman, defendant Helen Chapman set this matter before a trial judge on the morning of May 16, 1991, which was the same day that she was scheduled to appear in a sixth district courtroom in compliance with a citation to discover assets. The trial judge transferred the matter to the sixth district trial court. On May 16, 1991, defendant Helen Chapman complied with the citation to discover assets. Having completed the citation hearing, the trial court discharged her on that date and ordered her attachment bond refunded. Accordingly, we find that the trial court did not exceed its jurisdiction after defendants Lamar, Bobby, Vanessa and Helen Chapman complied with citations to discover assets.

Furthermore, we find that the trial court did not err when it named Lamar and Bobby Chapman as defendants in this action. The necessity of joinder of parties must be determined by evidence as well as the issues presented by the pleadings. *(Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 262-63, 385 N.E.2d 897, 898-99.) Section 2—405 of the Code of Civil Procedure (Code) makes the following provisions regarding the joinder of defendants:

"2—405. Joinder of defendants

§ 2—405. Joinder of defendants. (a) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

(b) It is not necessary that each defendant be interested as to all the relief prayed for ***.

(c) If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties." (Ill. Rev. Stat. 1987, ch. 110, par. 2—405.)

An appellate court has a duty to enforce the principle of law requiring the joinder of parties *sua sponte*. (See *Tsuetaki v. Novicky* (1983), 158 Ill. App. 3d 505, 514, 509 N.E.2d 1019, 1026.) Basic notions of due process require that all parties whose interest will be materially affected be before the court to present their position. (*Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 392, 343 N.E.2d 679, 682.) It is well settled that it is error for the trial court to proceed to final judgment without the involvement of all parties necessary to the litigation. (*Safeway*, 36 Ill. App. 3d at 392, 343 N.E.2d at 682; *Sullivan*, 68 Ill. App. 3d at 263, 385 N.E.2d at 899.) This rule is "hard and fast" and will only be modified in extraordinary circumstances. *Sullivan*, 68 Ill. App. 3d at 263, 385 N.E.2d at 899.

■ In accordance with section 2—405 of the Code and the above cited case law, we find that the joinder of Lamar and Bobby Chapman as defendants in this action was proper.

Second, defendants Chapman contend that the trial court had no jurisdiction to enter orders of body attachment against defendant Vanessa Chapman on April 8, 1991, and defendant Helen Chapman on April 10, 1991. Defendants Chapman also maintain that the arrest of defendants Vanessa and Helen Chapman in May of 1991 was contrary to Illinois Supreme Court Rule 369 (134 Ill. 2d R. 369), (1) because the trial court had previously stayed the citation to discover assets with respect to defendant Vanessa Chapman on January 7, 1991; and (2) because defendant Helen Chapman was arrested before she received any notice that there was a warrant for her arrest and because the court set "an abusively high bond *** before the filing of mandate."

■ As we noted above, the trial court had *in personam* jurisdiction over defendants Vanessa and Helen Chapman at the time they were served with citations to discover the assets of defendant Bert Chapman. The record indeed shows that this court subsequently stayed the citation to discover assets with respect to defendant Vanessa Chapman on January 17, 1991. The enforcement of the citation

to discover assets against defendant Vanessa Chapman was not in violation of the January 17 order, however, because as we noted above there were multiple appellate court orders issued subsequent to January 17, 1991, which permitted the trial court to conduct the supplemental proceedings in question. Relevant portions of Rule 369 read as follows:

"Rule 369. Filing of Mandate in Circuit Court and Proceedings Thereafter

(a) Filing of Mandate. The clerk of the circuit court shall file the mandate promptly upon receiving it.

(b) Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." (134 Ill. 2d Rules 369(a), (b).)

In the present case, the arrest of defendant Vanessa Chapman did not violate Supreme Court Rule 369 as defendants Chapman claim because the mandate of an appellate court revests the trial court with jurisdiction. (See *Pros Corporate Management Services, Inc. v. Ashley S. Rose, Ltd.* (1992), 228 Ill. App. 3d 573, 579, 592 N.E.2d 609, 613.) We conclude that the trial court did not err in entering an order of body attachment against defendant Vanessa Chapman was harmless.

In addition, the enforcement of the citation to discover assets against defendant Helen Chapman did not violate Supreme Court Rule 369. Defendant Helen Chapman was not entitled to notice that there was a warrant for her arrest. Furthermore, we are not persuaded by the argument that the trial court violated Rule 369 in setting bond for defendant Helen Chapman because the bond was not set "before the filing of the mandate" of the January 17, 1991, stay order because said order applied only to defendant Vanessa Chapman and not defendant Helen Chapman. Therefore, the filing of the mandate of the order in question had no bearing on the trial court's authority to set bail for defendant Helen Chapman. Accordingly, the trial court did not commit reversible error in entering attachment orders against defendants Vanessa and Helen Chapman.

Next, defendants Chapman allege that the trial court's order of January 16, 1992, in favor of plaintiff Bank of Homewood's motion to dismiss the action originally known as Bank of Homewood v. Lamar Chapman III, 91—CH—04502, was contrary to the manifest weight of the evidence.

■ The standard of review on appeal from a motion to dismiss a complaint is whether the complaint, when viewed in the light most

favorable to the nonmoving party, alleged facts which sufficiently stated a cause of action. (*Toombs v. City of Champaign* (1993), 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51; *Hosselton v. First American Bank, N.A.* (1993), 240 Ill. App. 3d 903, 907, 608 N.E.2d 630, 633.) A reviewing court must take all well-pleaded facts in the challenged complaint as true. (*Person v. Behnke* (1993), 242 Ill. App. 3d 933, 935, 611 N.E.2d 1350, 1352.) Upon conducting a *de novo* review, we find that defendants have failed to plead facts sufficient to state a cause of action against plaintiff. There were few, if any, well-pleaded facts in the complaint. Defendants contend that plaintiff was guilty of breach of contract and fraud in the inducement. We find that defendants did not allege facts sufficient to establish the alleged "breach of agreement" necessary to state a claim for breach of contract. The trial court was correct in dismissing defendants' complaint for breach of its contract and fraud in the inducement. Banks are not bound to honor the value of a deposited check where funds are insufficient to pay said check, nor are they bound to subsequently allow an account holder to write checks upon funds promised by the insufficiently funded check. In addition, the trial court was correct in concluding that defendants did not have a claim for damages for any impairment of or damage to defendant Lamar Chapman's creditworthiness. Defendants also allege that plaintiff, by refusing to honor defendant Lamar Chapman's overdrafts, violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121$^1$/2, par. 261 *et seq.*). The trial court was correct in dismissing this allegation because defendants failed to allege which section(s) of the Act were violated. In short, defendants' pleadings amounted to conclusory allegations. Legal conclusions unsupported by allegations of specific facts are insufficient to state a cause of action. *Hosselton,* 240 Ill. App. 3d at 908, 608 N.E.2d at 634.

Defendants Chapman further allege that the trial court's order entered on January 31, 1992, for sanctions against defendants Bobby and Lamar Chapman for frivolous pleadings in violation of Supreme Court Rule 137 (134 Ill. 2d R. 137), was improper because there was no notice given, the findings of fact were against the manifest weight of the evidence and because the amount of the sanctions was unreasonable. We disagree.

Although a trial court's decision regarding the imposition of sanctions is entitled to considerable deference, the predicate to such deference is that the trial court make explicit factual findings upon which a court of review may make an informed, reasoned decision. (*North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 790, 604 N.E.2d 1157, 1163.) The specific factual basis of

the trial court's decision is needed so that the reviewing court may determine (1) whether the trial court's decision was an informed one; (2) whether the decision was based on valid reasons that fit the case; and (3) whether the decision followed logically from the application of the reasons stated to the particular circumstances of the case. *North Shore Sign Co.*, 237 Ill. App. 3d at 790, 604 N.E.2d at 1163.

■ In the present case, the trial court articulated its reasons for imposing sanctions upon defendants Bobby and Lamar Chapman with sufficient specificity. The trial court based its findings with respect to both defendants upon their testimony, various documents and pleadings and its thorough review of all matters contained within the record. Accordingly, the January 31, 1992, sanction order will not be disturbed.

Next, defendants Chapman contend that all orders entered by Judge Edwin Richardson after May 17, 1991, should be vacated or reversed because the trial judge erred in denying defendants Lamar and Bobby Chapman's verified petition for change of venue due to judicial prejudice and in denying said defendants' motion for judicial disqualification.

Section 2—1001(a)(2) of the Code provides that the right of a civil litigant to a change of venue is absolute where a petition alleging judicial prejudice is filed before a trial or hearing *and* before the trial judge has made any substantive rulings in the case. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2).) If timely made, the right to a change of venue is mandatory. *Hartnett v. Stack* (1993), 241 Ill. App. 3d 157, 167, 607 N.E.2d 703, 710.

In addition, Supreme Court Rule 63 makes the following relevant provisions:

"Rule 63
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently

* * *

C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where

(a) he has a personal bias of prejudice concerning a party or his lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the

judge or such lawyer has been a material witness concerning it." 134 Ill. 2d Rules 63(C)(1)(a), (C)(1)(b).

Defendants Chapman allege that the judge had an interest in the outcome of this action due to his personal involvement in a related lawsuit that was pending in the United States District Court (*Chapman v. State of Illinois* (N.D. Ill., January 14, 1992), No. 92—C—0120), and that a law firm of which he was a former partner represented plaintiff's holding company, Great Lakes Financial Resources, and plaintiff's "sister" bank, the First National Bank of Blue Island.

▪█ In the present case, it is unclear as to which order defendants are appealing. The record on appeal does not support defendants' allegations. Defendants have failed to file any proof or evidence that defendant Bobby Chapman ever filed a motion for a change of venue or judicial disqualification. Defendant Lamar Chapman, however, did appeal the trial court's denial of the change of venue along with the trial court's consolidation of case number 91—CH—04502 with the cause of Bank of Homewood v. Bert Chapman, 89—M6—410. The appeal was dismissed in an order dated December 16, 1991. The present appeal of this question is an ever continuing effort on the part of defendants Chapman to relitigate an issue previously adjudicated.

Furthermore, the record shows neither that the trial judge had personal knowledge of the disputed facts, nor that he personally represented plaintiff while engaged in the private practice of law. Again, the merits of this question have been previously addressed. On October 20, 1992, defendant Lamar Chapman filed a motion for a supervisory order against Judge Edwin Richardson with the Illinois Supreme Court. The Illinois Supreme Court denied said motion on January 12, 1993. The issue of Judge Richardson's alleged personal knowledge of the disputed facts and interest in the outcome of this litigation was addressed therein. Accordingly, this question must be decided against defendants. Any and all orders entered by Judge Richardson in this cause after May 17, 1991, will not be disturbed.

Next, defendants Chapman contend that the trial court incorrectly applied the law when it denied defendants Lamar and Bobby Chapman's verified petition for perjury filed against William Bryan, counsel for plaintiff Bank of Homewood, on the basis that Bryan's statement to the court that defendants Lamar and Bobby Chapman came to his home on May 15, 1991, for the purpose of harassing him was false.

█ This matter was fully briefed in defendant Lamar Chapman's motion for a supervisory order against Judge Edwin Richardson. As we noted above, the Illinois Supreme Court denied the motion for a

supervisory order on January 12, 1993. Furthermore, the record shows that counsel for plaintiff Bank of Homewood has always used his business address on any and all appearances or pleadings since the inception of the underlying cause for purposes of service pursuant to Illinois Supreme Court Rule 11. (134 Ill. 2d R. 11.) Defendants' efforts and intentions to harass the attorney representing their adversary were clear.

Next, defendants Chapman contend that the trial court erred when it entered a turnover order against defendants Bobby and Helen Chapman in the amount of $3,550.51 for sanctions and costs on May 13, 1992, because there were no pleadings or motions filed with respect to said order; there was notice given to them and the turnover order failed to set forth the amount of costs and attorneys' fees due.

■ Notice was provided to defendants Bobby and Helen Chapman as specifically found in the trial court's order of May 13, 1992. Defendants' allegations that the trial court entered the turnover order without any pleadings and motions is equally false. A citation to discover assets was properly served and answered. The related judgment against defendant Bobby Chapman was entered on January 31, 1992. Said judgment included a complete list and breakdown of attorney fees and costs. Accordingly, the trial court did not err in entering a turnover order against defendants Bobby and Helen Chapman.

Defendants Chapman next contend that the trial court erred when it declined to enter a default judgment against plaintiff, because Bryan, who was plaintiff's counsel, failed to appear after defendant Bobby Chapman served Addy, the president of plaintiff Bank of Homewood, and Bryan, with notice of the petition for relief of judgment.

On April 20, 1992, defendant Lamar Chapman filed a petition for relief of judgment. Defendant Bobby Chapman swore under oath that he personally served Addy with a copy of the notice for relief. The record shows that Addy was never served. On June 8, 1992, plaintiff filed a motion to quash and a request for the entry of a rule to show cause, which included an affidavit of Addy, who swore under oath that he was not within the State of Illinois at any time during the date of the alleged service by defendant Bobby Chapman. Subsequent to the filing of this motion, defendant Lamar Chapman filed a motion for a default judgment.

■ Plaintiff then made a special and limited appearance at the hearing on defendant Lamar Chapman's petition for relief of judgment, solely for the purpose of contesting notice. On June 25,

1992, the case was dismissed for "reason of lapse of time or absence of sufficient diligence." Defendant then made a motion to obtain a default judgment against plaintiff. We find that defendant Lamar Chapman was not entitled to a default judgment because the trial court had already dismissed the cause for lack of due diligence on the part of defendant, prior to the date that defendant made the motion for a default judgment. Accordingly, the trial court did not err when it declined to enter a default judgment against plaintiff.

Finally, defendants Chapman allege that the trial court erred and violated Illinois Supreme Court Rule 301 (134 Ill. 2d R. 301), when it entered an order on April 15, 1993, vacating a prior order entered on May 15, 1991, permitting defendant Bobby Chapman to proceed *in forma pauperis.*

■ Rule 301 provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." (134 Ill. 2d R. 301.) The trial court did not violate Rule 301, because its order did not bar defendants from appealing.

The trial court's reversal of the order in question, however, was erroneous. Once a trial court has determined, on the basis of information supplied, that a litigant is entitled to proceed *in forma pauperis*, that decision should not be reversed unless it is shown either that the information given was significantly erroneous or that the financial condition of the litigant has significantly improved in such a manner that said litigant would no longer be permitted to file and proceed *in forma pauperis. Rawlings v. Department of Law Enforcement* (1979), 73 Ill. App. 3d 267, 279, 391 N.E.2d 758, 766.

In the present case, we find that the action of the trial court in reversing itself on defendant Bobby Chapman's *in forma pauperis* status was not supported by the facts of the present case. Accordingly, we reverse the April 15, 1993, order which vacated the prior order of May 15, 1991.

For the aforementioned reasons, this cause is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

TULLY, P.J., and CERDA, J., concur.