CHARLES B. SULLIVAN *et al.*, Plaintiffs-Appellants, *v.* THE MERCHANTS PROPERTY INSURANCE COMPANY OF INDIANA, Defendant-Appellee.

Fifth District   No. 78-103

Opinion filed February 2, 1979.

Donald V. Ferrell, of Jelliffe & Ferrell, of Harrisburg, for appellants.

Stanley W. Narusis, of Fowler & Novick, of Marion, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Charles and Marjorie Sullivan brought an action in Saline County against the Merchants Property Insurance Company of Indiana to recover damages resulting from the total destruction of their house by fire. At the conclusion of a bench trial judgment was entered against Marjorie Sullivan, whose interest in the premises was that of a tenant in common contract vendee, on the basis that she possessed no insurable interest because she was not a named insured. The trial court entered judgment in favor of Charles Sullivan, who was also a tenant in common contract vendee and who was a named insured, in the amount of $300. This sum represented his insurable interest in the premises. The Sullivans assert two issues on appeal: whether a tenant in common contract vendee has an insurable interest in property where he is not a named insured; and whether a contract vendee may receive the full amount of property damage where the vendor holds legal title to the property.

Our disposition of this cause turns on neither of these issues; rather, it turns on a matter which was not raised by any of the parties on appeal. Thoral Gaskins, vendor of the destroyed premises, was a named insured, yet he was not made a party to this action. Our examination of the record persuades us that the presence of Gaskins in this action was indispensable

to a complete determination of this case on its merits, and that it was improper for the trial court to have proceeded to a final judgment in his absence.

On May 16, 1970, Gaskins, as vendor, and the Sullivans, as vendees taking as tenants in common, executed a contract for deed which conveyed a house and a small lot. One of the provisions in the contract provided that the insurance protection would be "for the benefit of the parties hereto as their interests may appear * * *." At the time of the purchase, Charles Sullivan became a named insured along with Gaskins on a policy originally issued to Gaskins by defendant Merchants. Marjorie Sullivan was not a named insured on the policy. The policy provided fire insurance coverage for the house up to the sum of $7,000. A fire which completely destroyed the premises two years later precipitated this action. Obviously the defendant insurer would be liable upon their policy for an amount in excess of $300 to one or the other, or both, of the insureds. In their amended complaint the Sullivans sought to recover the full $7,000. Merchants in its answer raised several affirmative defenses alleging that the Sullivans were not entitled to receive the entire loss proceeds payable under the policy. In particular, affirmative defense No. VI alleged that the Sullivans did not possess the complete insurable interest in the property because Charles Sullivan was not the sole insured; while affirmative defense No. VII alleged that the Sullivans' insurable interest in the premises was limited to the amount of payments Charles Sullivan made on the contract with respect to his interest in the premises as a tenant in common. These two affirmative defenses imply that the remaining insurable interest in the premises was the property right of the other named insured on the policy, Gaskins.

■■ "[T]o be a necessary party, the individual or entity involved must have a present substantial interest, as opposed to a mere expectancy or future contingency [citation], in the controverted matter such that this legal entanglement cannot be resolved without either (1) affecting that interest or (2) leaving the interest of those who are before the court in an embarrassing or inequitable position. [Citations.]" (*Stavros v. Karkomi* (1st Dist. 1976), 39 Ill. App. 3d 113, 123, 349 N.E.2d 599, 607; see *McDonald's Corp. v. Smargon* (1st Dist. 1975), 31 Ill. App. 3d 493, 334 N.E.2d 385; *Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000.) Furthermore, as to the requirement of a present interest, the quality of this interest is determined by the issues of the case as formulated by the pleadings and the evidence. *McDonald's Corp. v. Smargon.*

We find that Gaskins' interest in the instant case was both substantial

and present. As a named insured on the policy and as the legal title holder of the premises as contract vendor, his insurable interest was vested rather than a mere expectancy or contingency. This interest was readily apparent from the pleadings. Specifically, Gaskins was listed as a named insured in the amended complaint, and affirmative defenses Nos. VI and VII by implication admitted an insurable interest on the part of Gaskins in the premises.

The omission of Gaskins as a party to this case may have had an adverse impact upon his insurable interest. Through the doctrine of collateral estoppel, findings by the trial court with respect to the Sullivans' insurable interest under the policy would necessarily define Gaskins' insurable interest in the premises in a subsequent action against Merchants since Charles Sullivan and Gaskins were the only named insureds. Whether Gaskins was adversely affected by the trial court is not controlling (*Glickauf v. Moss* (1st Dist. 1974), 23 Ill. App. 3d 679, 320 N.E.2d 132); "[t]he necessity of joinder of parties must be determined by the issues presented by the pleadings and evidence and not by the final decision of the case. [Citations.]" (*Tri-Mor Bowl, Inc. v. Brunswick Corp.* (5th Dist. 1977), 51 Ill. App. 3d 743, 746, 366 N.E.2d 941, 944.) For the foregoing reasons we hold that Gaskins was a necessary party to this action.

It is well settled that it is error for the trial court to proceed to final judgment without jurisdiction over all necessary parties to the litigation (*Glickauf v. Moss; Oglesby v. Springfield Marine Bank*), and any final order or judgment entered under such circumstances would be null and void as to any nonjoined party. (*Moore v. McDaniel* (5th Dist. 1977), 48 Ill. App. 3d 152, 362 N.E.2d 382.) This rule is hard and fast and will only bend in extraordinary situations where it is next to impossible to join all the parties indispensable to the litigation. (*Oglesby v. Springfield Marine Bank.*) We have found no such prohibitive circumstances which would justify the absence of Gaskins from this case.

When a trial court or court of review becomes cognizant of the absence of a necessary party to the matter before it, the court *sua sponte* has the duty of directing the joinder of the absent party. (*Glickauf v. Moss; Oglesby v. Springfield Marine Bank.*) Section 25(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 25(1)) provides:

> "If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in."

Accordingly, we reverse this case, not on the merits, but solely on the ground that the judgment was entered without jurisdiction over a necessary party. This cause is hereby remanded to the trial court with

directions that Gaskins be made a party to this action and that additional pleadings be filed as the circumstances may require.

Reversed and remanded.

G. J. MORAN, P. J., and KARNS, J., concur.