SAFECO INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. OTTO TREINIS III *et al.*, Defendants (Gerald M. Sluzewicz, Defendant-Appellant).

First District (4th Division)   No. 1—91—3359

Opinion filed November 12, 1992.

542

Karen M. Lavin, of McHenry, for appellant.

Gary M. Feiereisel, of Fraterrigo, Best & Beranek, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The issue on appeal is whether Otto Treinis III and Thomas P. Mangan are necessary parties in this declaratory judgment action.

Otto Treinis owned an automobile which was insured by the plaintiff, Safeco Insurance Company. Treinis permitted Thomas Mangan to use the car. Mangan was involved in an automobile accident with Gerald Sluzewicz. In another lawsuit, Sluzewicz obtained a default judgment in the amount of $75,000 against Treinis and Mangan. Jurisdiction was obtained by service upon the Secretary of State. (Ill. Rev. Stat. 1989, ch. 95½, par. 10—301.) This present appeal emanates from a declaratory judgment action filed by Safeco against its insured, Treinis. The action also named Mangan and Sluzewicz as defendants. Safeco contends that Treinis had breached provisions in the insurance contract concerning notice to Safeco of the accident and notice of the lawsuit, and that Treinis also breached his duty to cooperate with Safeco. Safeco sought a declaration that there was no coverage and accordingly no duty to defend or indemnify.

Sluzewicz was served with process and defended the declaratory judgment action brought by Safeco. However, neither Treinis nor Mangan was served. The trial court entered a summary judgment in favor of Safeco and against Sluzewicz only. Sluzewicz contends on appeal that the trial court was in error and that the judgment is void because there was an absence of service on Treinis and Mangan, who were necessary and indispensable parties. Sluzewicz asks that we dismiss the complaint for want of personal jurisdiction. Alternatively, Sluzewicz contends that summary judgment is inappropriate because there is a genuine issue of material fact and asks that the summary judgment be reversed and the cause remanded for a trial on the merits.

The automobile accident occurred on September 11, 1986, and the lawsuit by Sluzewicz was filed on January 13, 1987. The agent who sold Treinis the insurance policy testified that a couple of days after September 11, 1986, Treinis called and said that his roommate had taken the keys while he was sleeping and had an accident and that he would call the agent again to let him know the details. That was the last direct contact anyone involved in the lawsuit had with Treinis. Six and a half months later, on March 31, 1987, the insurance agent received a copy of the police report and transmitted it to Safeco the same day. On April 3, 1987, Safeco sent a letter to Treinis requesting that he contact Safeco. Another letter was sent on April 27 informing

Treinis that Safeco had received a letter from an attorney representing Sluzewicz stating that "they are in the process of serving a lawsuit upon you." The letter further stated that if and when Treinis was served with a summons and complaint, he should immediately contact the writer of the letter and forward the documents. The letter requested that he contact Safeco's office immediately so that statements could be obtained from both Treinis and Mangan concerning the details of the accident. The letter reminded Treinis that his cooperation in the matter was a condition of the insurance contract and that any delay would jeopardize his continuing relationship with Safeco. Commencing July 16, 1987, Safeco made extensive efforts to contact Treinis. A house investigator was appointed and when no contact was made, a skip trace was performed. That being unsuccessful, an investigative service was retained. A private investigator made extensive efforts to locate both Treinis and Mangan at their home, various other addresses that were furnished, Mangan's place of work and a restaurant that they allegedly frequented. The attempts were unsuccessful.

The first contention made by Sluzewicz is that Treinis and Mangan were necessary parties and that any judgment obtained in the absence of service on necessary parties is void.

At common law, either the parties were indispensable or they were not allowed to be part of the lawsuit. (4 R. Michael, Illinois Practice §29.1, at 22 (1989).) The equity courts entertained a more liberal procedure wherein parties were permitted as long as they had an interest in the litigation. The Illinois Civil Practice Act (now the Code of Civil Procedure) attempted to make the joinder of parties more procedural rather than substantive in nature. 4 R. Michael, Illinois Practice §29.1, at 22 (1989).

■ Illinois law does not have any one express provision regulating who must be joined as a party. Instead, several provisions of the Code of Civil Procedure affect the common-law rule relating to the joinder of parties. Section 2—404 provides that if a necessary plaintiff declines to join in the lawsuit, that party may be made a defendant. (Ill. Rev. Stat. 1989, ch. 110, par. 2—404.) Section 2—405 states that any party who is alleged to have a claim or an interest in the controversy may be made a defendant. (Ill. Rev. Stat. 1989, ch. 110, par. 2—405(a).) More apropos to the situation in the case at bar, section 2—406 provides that "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in." Ill. Rev. Stat. 1989, ch. 110, par. 2—406(a).

■ A comment should be made about terminology. The terms "necessary party" and "indispensable party" are frequently used interchangeably. (See, *e.g., City of Evanston v. Regional Transportation Authority* (1991), 209 Ill. App. 3d 447, 454, 568 N.E.2d 244.) The United States Supreme Court in *Shields v. Barrow* (1855), 58 U.S. (17 How.) 130, 15 L. Ed. 158, distinguished between necessary and indispensable parties. Necessary parties were those required in order for the court to determine the entire controversy and to do complete justice, but whose interests were separable from those joined as parties so that the court could resolve the controversy between the parties without affecting their interests. Consequently, while necessary parties should be joined, their joinder may be excused where it is not feasible to join them. Indispensable parties were defined as those persons who have such an interest in the controversy that a final decree could not be made without either affecting that interest or leaving the controversy in a condition that any determination would be inconsistent with equity and good conscience. If an indispensable party could not be joined, the court was required to dismiss the case.

Rule 19 of the Federal Rules of Civil Procedure provides that if a party who should, under the rules of joinder, be joined in the lawsuit cannot be made a party, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." (Fed. R. Civ. P. 19(b).) The notes of the Advisory Committee state that when comprehensive joinder is not possible, the court should examine the case pragmatically and make a choice between the alternatives of proceeding with the action in the party's absence or dismissing the case. (Fed. R. Civ. P. 19, Notes of Advisory Committee on 1966 amendments to rules.) In making this sort of pragmatic determination, one factor to be considered is that an absent party who has not been served is not bound by any decision of the court unless the absent party was in privity or unless there is *in rem* jurisdiction. *Feen v. Ray* (1985), 109 Ill. 2d 339, 487 N.E.2d 619.

■ Illinois has never adopted the term "indispensable party," using only the term "necessary" in referring to the joinder of a party. The Code of Civil Procedure uses the term "necessary plaintiff" in section 2—404; section 2—405(a) speaks in terms of a defendant who has "an interest in the controversy"; section 2—406(a) does not use a particular term but merely states that "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in." (Ill. Rev. Stat. 1989, ch. 110, pars. 2—404, 2—405(a), 2—406(a).) Thus, the term "necessary

party" has a different meaning in Illinois than in *Shields v. Barrow,* where the Court distinguished between necessary and indispensable parties.

In *Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 385 N.E.2d 897, the court stated that there were two essential considerations in determining whether a party is necessary to the litigation: possible prejudice to the absent party and prejudice to the parties before the court. The court stated that " 'to be a necessary party, the individual or entity involved must have a present substantial interest, as opposed to a mere expectancy or future contingency [citation], in the controverted matter such that this legal entanglement cannot be resolved without either (1) affecting that interest or (2) leaving the interest of those who are before the court in an embarrassing or inequitable position.' " (*Sullivan,* 68 Ill. App. 3d at 262, 385 N.E.2d at 898, quoting *Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113, 123, 349 N.E.2d 599, 607.) This definition of a necessary party closely resembles the *Shields v. Barrow* definition of an indispensable party. Subsequent appellate court cases mention a third essential consideration in determining whether an unjoined party is a necessary party. That consideration is whether the party's presence is required for a complete determination of the controversy. (*Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 268-69, 398 N.E.2d 278; *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946.) Thus, as stated by the court in *Lain:*

> "A necessary or indispensable party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence (Ill. Rev. Stat. 1975, ch. 110, par. 25(1); *National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 121, 336 N.E.2d 115); (2) to reach a decision which will protect the interests of those who are before the court (*Ragsdale v. Superior Oil Co.* (1968), 40 Ill. 2d 68, 71, 237 N.E.2d 492; see Comment, *Indispensable Parties: Holding Absentees Indispensable For The Sake of Present Defendants,* 21 U. Chi. L. Rev. 286 (1954)); or (3) to enable the court to make a complete determination of the controversy (Ill. Rev. Stat. 1975, ch. 110, par. 25(1).)" *Lain,* 79 Ill. App. 3d at 268-69, 398 N.E.2d at 283.

A typical example of a necessary party in the first category can be found in cases involving a limited fund where an unjoined party, while not bound by the decision, may suffer prejudice if the fund is depleted by a judgment in favor of the plaintiff. (*Oglesby v. Spring-*

*field Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000.) An example of the second type of necessary party occurs where the existing parties may later be subjected to multiple liability because of the absence of the party. (See, *e.g., Lain v. John Hancock*, 79 Ill. App. 3d 264, 398 N.E.2d 278.) However, both *Lain* and *Lerner*, which added the third category of necessary party, cite only section 25(1) of the Civil Practice Act (now section 2—406(a) of the Code of Civil Procedure) as support for the third category of necessary party, those necessary to enable the court to make a complete determination of the controversy. Section 2—406(a) states that if a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in. According to this wording, joinder of parties in this category appears to be discretionary.

■ Applying these principles to the facts before us, it does not appear that Treinis and Mangan fall into either of the first two categories of necessary parties. They are not bound by the judgment of the court because they have not been served with process in this case and do not appear to be in privity with Sluzewicz. We are also unable to determine any prejudice to the existing defendant in this case, Sluzewicz. There is no suggestion that he is unable to obtain discovery. Nor is there any other suggestion as to how the absence of Treinis or Mangan will impair Sluzewicz's ability to proceed in Safeco's lawsuit.

Instead, Treinis and Mangan appear to fall into the third category of necessary parties. Because they are not bound by the court's decision, they will be free to relitigate the matter if and when they choose to resurface. They are, therefore, necessary parties in the sense that the court will not be able to completely dispose of the matter in their absence.

■ Pragmatically, as stated earlier in this opinion, great efforts have been made to serve summons upon both Treinis and Mangan, to no avail. Considering the alternative of proceeding with this action now where Sluzewicz will be able to defend this case as opposed to condemning this matter to eternal judicial wandering, we believe that the weight of the matter bears more heavily on excusing the presence of Treinis and Mangan and deciding the case. As submitted by Professor Michael, "the desirability of requiring full joinder to maximize the value of the judicial resources expended by resolving the entire controversy in one action should not operate to foreclose the plaintiff's right to a forum, at least where a better one is not clearly available." 4 R. Michael, Illinois Practice §29.2, at 34-35 (1989).

Sluzewicz cites *Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679, as a case which is strikingly similar to

the case at bar. There, as in the instant cause, the named insured was not served. The court in *Safeway* concluded that the insured was an "indispensable party" to the action because the effect of a court order rescinding the contract would injuriously affect the insured's interest. The court does not explain how the insured would be prejudiced where the court did not have jurisdiction to enter a judgment against him. Nor is there any discussion of what efforts were made to locate the insured. We are not persuaded that the decision in *Safeway* requires dismissal of the instant action.

Sluzewicz alternatively contends that summary judgment was inappropriate because there is a genuine issue of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(a).) The motion for summary judgment alleged that Treinis and Mangan failed to give written notice, that they failed to forward process served upon them to Safeco and that they failed to cooperate with the insurer in investigating and defending Sluzewicz's lawsuit. We will consider each of these three contract provisions.

The policy provides that in the event of accident "written notice containing particulars *** shall be given by or for the insured to SAFECO or any of its authorized agents as soon as practicable." Sluzewicz contends that the notice received from the insurance agent was notice received "as soon as practicable." Sluzewicz notes that what is practicable is dependent on the circumstances. The circumstances here, however, are that Treinis contacted his insurance agent within a few days after the occurrence but never again contacted anyone and it was only his insurance agent who 6½ months later contacted Safeco. Six and a half months on its face is not practicable in light of the fact that there were no extenuating circumstances after the accident which would prevent notice. We believe that there is no material question of fact and that there was a violation of the policy provision requiring notice of the accident.

The second contention is that neither Treinis nor Mangan forwarded the summons of complaint to Safeco. The policy provides "[i]f claim is made or suit is brought against the insured, he shall immediately forward to SAFECO every demand, notice, summons or other process received by him or his representative." The only evidence in the record is that Treinis and Mangan were served through the Secretary of State. No details of the service are made. We are unable to determine whether in fact Treinis and Mangan ever received anything. This is insufficient to sustain Safeco's burden to prove that Mangan violated the insurance contract provision.

The last provision of the policy that was allegedly violated was the cooperation provision of the policy. A violation of this provision is patent. The only response that Sluzewicz has to this is that there is no proof that Treinis and Mangan ever received the letters and messages sent by Safeco. Mangan was in the accident and Treinis knew about it and in fact notified his agent of the accident. No further comment was ever received from either Treinis or Mangan. In *Gallaway v. Schied* (1966), 73 Ill. App. 2d 116, 219 N.E.2d 718, the injured plaintiff obtained a default judgment against the defendant. The injured plaintiff then attempted a garnishment action against the insurer. The insurer hired an investigator but no contact was ever made with the insured. The court held that the insurer had established the affirmative defense of noncooperation. Sluzewicz's only attempt to distinguish the case is procedural. There it was the burden of the injured party to show that the insured had cooperated with its insurance carrier which it failed to do and the situation is the reverse here because it was the duty of the insurance company to show that the insured had not cooperated. The distinction is unavailing because it is beyond cavil here that the total lack of contact between Treinis and Mangan and the insurer shows noncooperation. In a motion for summary judgment, mathematical precision is not needed. A more or less intuitive evaluation or commonsense judgment must be made about cooperation. (*Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 468 N.E.2d 422.) Clearly, no contact with Safeco without any extenuating circumstances leads only to the conclusion that there was a breach of the cooperation clause.

The trial court was correct in its conclusion that no genuine issue of material fact existed as to whether the policy provisions were breached.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.