WALTER HOLZER *et al.*, Plaintiffs-Appellants, v. MOTOROLA LIGHTING, INC., Defendant-Appellee.

First District (3rd Division)   Nos. 1—96—3944, 1—97—0305 cons.

Opinion filed March 31, 1998.

964

Peter R. Sonderby, of Peter R. Sonderby, P.C., and Andrew G. Neal, both of Chicago, for appellants.

Michael A. Foradas, Russell E. Levine, and Anne V. Pellegrini, all of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Plaintiffs Walter Holzer and Prolite Gesellshaftfur Lichttechnik mbh (Prolite) appeal the circuit court's dismissal of their suit against Motorola Lighting, Inc. (MLI), for failure to name a necessary party.

Plaintiffs filed a four-count complaint against MLI in June 1996. According to the complaint, Holzer, a German national, is an industrialist and engineer with a number of inventions to his credit. In April 1990, he entered into a partnership agreement with nonparty Henri Courier DeMere (DeMere), an engineer and inventor who had also developed technology, specifically in the field of electronic devices. The purpose of the partnership was to exploit and further develop certain of the technology the partners had created.

Specifically, the partnership agreement (which was attached as an exhibit to the complaint) stated that each partner had developed and designed ballast for "fluorescentic" lamps; ballast for "iod-metallic" lamps; ballast for low voltage lamps; and high voltage transformers. The agreement collectively referred to these devices as "Products." The agreement formed a partnership "for the purpose of the worldwide exploitation of the Products, the patents and other industrial property rights on the Products." The agreement provided that the partnership "shall have the exclusive right to exploit their patents and other industrial property rights relating to the Products," and further that the partnership would be permitted to exploit any new patents or industrial property rights either partner obtained or acquired during the term of the agreement (which was to terminate on December 31, 2010, unless both partners consented to an earlier termination). The agreement provided that it was governed by Swiss law and that any dispute arising thereunder was to be settled by

arbitration in Zurich, Switzerland. In May 1990 Holzer and DeMere formed Prolite, as a vehicle for the partnership's development and licensing of the products.

The complaint alleged that in May 1992, Holzer initiated arbitration proceedings against DeMere in Zurich, as provided in the partnership agreement, seeking a declaration of the validity and scope of the partnership agreement and an injunction against De-Mere disclosing or licensing to any third parties the new technology and products which were the subject of the partnership agreement. DeMere appeared and defended himself in the proceedings. In May 1994, the arbitrator held that the partnership agreement was valid, enforceable and in effect, and enjoined DeMere from "disclosing any of the technology to, or concluding any agreements regarding the technology with, any third parties without Holzer's consent and signature."[1]

The complaint further alleges that during the course of the arbitration proceedings, one of DeMere's witnesses revealed that De-Mere had entered into an agreement with defendant MLI while the arbitration proceeding was pending. The arbitrator ordered DeMere to produce a copy of this agreement (the MLI agreement) to Holzer. Once he did so, Holzer attempted to amend his arbitration claim to seek relief specifically with respect to the MLI agreement. His request was denied without prejudice because the additional relief requested was outside the scope of the issues originally presented for arbitration and DeMere refused to consent to the amendment.

The MLI agreement (attached as an exhibit to the complaint) was dated August 25, 1993. It purported to grant MLI an "exclusive world wide license *** to make, use, have made, sell and otherwise transfer LICENSED PRODUCTS" (capitalization as in original). The agreement defined "LICENSED PRODUCTS" as "all products of every kind including *** power supplies and ballast systems for gas discharge lamps where at least one valid and enforceable claim of an existing patent issued to DE MERE covers the completed product where the completed product is manufactured, used or sold by or on behalf of MLI or an MLI sublicensee."

Part VII of the MLI agreement contained provisions regarding the respective responsibilities of MLI and DeMere in the case of certain types of litigation. In pertinent part (part VII(B)) it provided as follows:

---

[1]This representation of the outcome of the arbitration proceedings is taken directly from plaintiffs' complaint. The final award was not attached as an exhibit thereto.

"B. If any demand, suit or claim is made by a third party against MLI or a sublicensee based on an alleged infringement of a patent or other right as a result of the use of the rights granted hereunder, the following shall apply:

(i) MLI shall have the right to defend the same, and DE MERE shall have the right, at his own expense, after giving written notice to MLI, to appoint his own attorney to cooperate in the defense against such suit or claim.

(ii) If, as a result of any such demand, claim or suit, damages are awarded against MLI or a sublicensee, or any amounts are payable by MLI or its sublicensee as a result of any compromise which MLI or its sublicensee may enter into, or MLI or its sublicensee is required to pay royalties or damages to a third party with respect to the practice or use of the know-how or PATENT MATTER, the obligation of MLI or its sublicensee to pay to DE MERE royalties shall be reduced by the amount of the royalty payment and/or damages due to such third party.

(iii) If, as a result of any such demand, claim or suit, MLI or a sublicensee pay[s] attorneys fees for representation or consultation to investigate or defend against any such demand, claim or suit, the obligation of MLI or its sublicensee to pay to DE MERE royalties shall be reduced by the amount of the attorney fees paid by MLI or its sublicensees."

The complaint alleges that DeMere entered into the MLI agreement without the knowledge or consent of Holzer or Prolite. According to the complaint, it was "well-known [sic] within the lighting industry" that Holzer and DeMere had formed a partnership to develop and market technology for power supplies and ballasts for gas discharge lamps and that Prolite had the exclusive right to license that technology to third parties. The complaint asserts that MLI and/or its affiliates and agents had specifically become aware of "the rights of the Partnership and Prolite in and to the Products and the related technology" as the result of several meetings between Holzer, DeMere and agents of MLI. The complaint also alleges that MLI had been aware of the arbitration between DeMere and Holzer and the result thereof since as early as June 1994, but had continued to "cooperate with [DeMere] in contravention of the exclusive rights of Holzer and Prolite."

As noted, the complaint was filed in June 1996. Count I sounded in tortious interference with contractual rights. It alleged that Holzer and Prolite had suffered and continued to suffer financial damages as a result of MLI's knowing interference with their exclusive rights to the technology that was the subject of the partnership agreement, and sought compensatory and punitive damages from MLI. Count II al-

leged Holzer and Prolite had suffered financial damages from MLI's acquisition (from DeMere) of trade secrets of Holzer and Prolite. It was filed with reference to the Illinois Trade Secrets Act (765 ILCS 1065/1 *et seq.* (West 1994)) and sought compensatory and exemplary damages and attorney fees.

Counts III and IV were pled in the alternative to counts I and II. Count III sought a declaratory judgment that the MLI agreement was void and unenforceable and MLI had no right, title and/or interest in and to the "Products" or new technology, and requested that all compensation to be paid to DeMere under the MLI agreement would be paid instead to Prolite and the partnership. Count IV requested a permanent injunction against MLI "requiring and prohibiting such acts as necessary to protect and enforce the rights" which the partnership and Prolite would acquire if the court granted the declaratory judgment sought in count III.

In August 1996 MLI filed a motion to dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—615 (West 1994)). It requested that the complaint be dismissed with prejudice because plaintiffs had failed to join DeMere, a necessary party, and because the complaint failed to state a claim upon which relief could be granted.

In October 1996, after briefing, the circuit court granted MLI's motion to dismiss on the grounds that DeMere was an indispensable party "whom plaintiffs concede cannot here by [*sic*] joined."[2] The court noted in its written order that at oral argument on the motion plaintiffs' counsel had stated that they could not locate DeMere for purposes of service of process and had suggested to the court

> "that the defendant, whom they aver is in cahoots with the missing party[,] may have better sources of information as to his whereabouts and that the defendant can 'third party in' the alleged malefactor. Alternatively they suggest they should be allowed to amend to seek to bring in the party whom they have suggested they have no right to sue in this forum. The problem presented by these various approaches is that the plaintiffs, who bear the burden in this proceeding—even at this stage—seek to cast it on both defendants and on the court system of the people of Illinois when an exercise of their own business judgment provides them the forum in which they are required to proceed."

The record supplied to this court does not contain a transcript or bystander's report of the argument on the motion to dismiss.

Plaintiffs filed a motion later in October to reconsider the order of

---

[2]The court did not reach MLI's alternate argument, that the complaint failed to state a cause of action.

dismissal and for leave to file a first amended complaint, naming De-Mere as an additional party. They argued primarily that even if De-Mere was a necessary party, they had not been given a reasonable opportunity to add him, as required by section 2—407 of the Code (735 ILCS 5/2—407 (West 1994)). They stated they had not conceded and did not concede that DeMere could not be made a party to the action, noting that although the arbitration provision of the partnership agreement would be a "substantial additional complication" to the case, it was not an absolute bar to joining DeMere, as (1) it was a contractual right which DeMere could waive, (2) he could fail to appear and be defaulted, and (3) even if he appeared and invoked the arbitration clause, the remainder of the case against MLI could either proceed or be stayed pending the outcome of the arbitration. They also asserted DeMere and MLI were joint tortfeasors and they were entitled to proceed against either or both.

During argument on plaintiffs' motion to reconsider plaintiffs indicated that the reason they were asking the trial court to reconsider its ruling, rather than simply refiling, was concern about potential estoppel effect of the language contained in the court's order to the effect that they had "conceded" that DeMere could not be joined. The court noted that its source of information for the proposition that plaintiffs could not join DeMere was plaintiffs themselves. It admitted that if plaintiffs had not conceded that they could not join DeMere its statement was "not only gratuitous," but "wrong." However, if plaintiffs *had* so conceded in their filings, "it is a concession that can be used against you[;] *** [MLI] has a right to rely on the fact that you made that concession."

In November, 30 days after the circuit court's order dismissing the case but before the court had ruled on the motion to reconsider, plaintiffs filed a notice of appeal to this court (No. 1—96—3944). In December, the court denied plaintiffs' motion to reconsider on the grounds that their notice of appeal had deprived it of jurisdiction, but allowed them leave to file their first amended complaint "for supplementation of record purposes only" so it would be available to the reviewing court. It also noted that it would have denied plaintiffs' motion if it had jurisdiction, because its order was proper based on the information the parties had given it when it made its ruling.

In January, less than 30 days after the circuit court's December order denying the motion to reconsider, plaintiffs filed a second notice of appeal (No. 1—97—305), appealing the order dismissing the complaint and the order denying the motion for reconsideration. This court consolidated the two appeals on plaintiffs' motion.

Plaintiffs raise three main issues before this court. First, they

argue DeMere is not a necessary party, as his presence is not required to protect his interests, the interests of MLI, nor to effect a complete adjudication of the controversy. Second, they argue that the circuit court erred in dismissing the complaint even if DeMere *is* a necessary party. This issue has several subarguments. Plaintiffs argue the court should have allowed them to attempt to join DeMere before dismissing, citing section 2—407 of the Code (735 ILCS 5/2—407 (West 1994)). Also, they argue that if DeMere is only necessary in that his presence is required to enable the court to make a complete determination of the controversy, joinder was discretionary and should not have been required in this case. Finally, they argue that in light of the arbitration clause, the court either should have required defendant to join DeMere or entered an order itself naming DeMere a defendant if his joinder was required. The third issue concerns the motion for reconsideration; plaintiffs argue that the court erred in determining that it lacked jurisdiction to hear the motion and in denying it in the alternative.

## ANALYSIS

### I. IS DeMERE A NECESSARY PARTY?

■ The first issue, then, is whether DeMere is a necessary party to this action. A necessary party has been defined as " 'one who has a legal or beneficial interest in the subject matter of the litigation and will be affected by the action of the court.' " *Society of Mount Carmel v. National Ben Franklin Insurance Co.*, 268 Ill. App. 3d 655, 660, 643 N.E.2d 1280, 1284 (1994), quoting *Zurich Insurance Co. v. Raymark Industries, Inc.*, 144 Ill. App. 3d 943, 946, 494 N.E.2d 630 (1986). For the most part, the case law has analyzed the concept functionally, in terms of the reasons such parties must be joined. There have been enumerated three reasons to consider a party "necessary" such that a lawsuit ought not to proceed in his or her absence: (1) to protect an interest that the absentee has in the subject matter of the controversy that would be materially affected by a judgment entered in his absence; (2) to protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy. *Safeco Insurance Co. v. Treinis*, 238 Ill. App. 3d 541, 546, 606 N.E.2d 379, 382 (1992), quoting *Lain v. John Hancock Mutual Life Insurance Co.*, 79 Ill. App. 3d 264, 268-69, 398 N.E.2d 278, 283 (1979); *Society of Mount Carmel*, 268 Ill. App. 3d at 661, 643 N.E.2d at 1284, quoting *Brumley v. Touche Ross & Co.*, 123 Ill. App. 3d 636, 644, 463 N.E.2d 195, 201 (1984). MLI asserts DeMere is necessary in all three ways; plaintiffs assert he passes none

of the tests. For the reasons stated herein, we agree with plaintiffs that DeMere is not necessary for either of the first two reasons, but find that he is necessary in that his presence is required for the court to make a complete determination of the controversy.

A. Protecting an Interest of DeMere's—Will DeMere be Prejudiced if the Case Proceeds Without Him?

The first category of necessary parties is comprised of those persons with an interest in the subject matter of the litigation that could be materially affected by a judgment entered in his absence. MLI argues, as it argued at the circuit court level, that DeMere is necessary under this definition because his "rights to the technology and MLI license agreement are at stake." Plaintiffs reply that, first, the fact that their claims against MLI involve their contract with De-Mere does not mean that his rights will be adjudicated or adversely affected by the outcome of this case. Although they admit that the injunctive and declaratory relief requested in counts III and IV of the complaint might impact him, they note that these counts are expressly pleaded as alternatives to counts I and II, which merely request money damages. Plaintiffs also assert that DeMere's interests (1) would be adequately represented by MLI and (2) have already been adjudicated in the previous arbitration. Finally, they argue that DeMere cannot be prejudiced because MLI must give him notice of this suit under the MLI agreement, and Illinois law (735 ILCS 5/2—408 (West 1994)) allows him to intervene to protect his interests.

MLI counters that it could take a position antagonistic to DeMere (although it does not specify in what way), so its representation of his interests will not necessarily be adequate. It also argues that DeMe-re's rights in the MLI agreement were not adjudicated in the earlier arbitration because the arbitrator refused to allow Holzer to amend his claim to seek relief against DeMere based on the MLI agreement.

The first question is, What interest of DeMere's could be compromised in this litigation between plaintiffs and MLI? Plaintiffs are seeking money damages from MLI for (1) MLI's tortious interference with DeMere's contractual relations with Holzer and Prolite, and (2) MLI's misappropriation of trade secrets of Holzer and Prolite. In the alternative, they seek a declaration that the MLI agreement is void, that MLI has no rights to any of the products or technology that is the subject of the partnership agreement, and that MLI must pay to Prolite and the partnership all of the compensation it agreed to pay DeMere under the MLI agreement.

MLI argues that the litigation could affect both DeMere's rights to the technology he has developed and his rights under the MLI

agreement. It states that, for plaintiffs to receive the relief they request, the fact finder would necessarily have to conclude that (1) DeMere breached the partnership agreement by licensing technology to MLI, (2) DeMere had no right to enter into the MLI agreement, and (3) that DeMere has no right to the royalties MLI paid him under the license.

■■ We may assume for purposes of analysis that MLI is correct in its characterization of the elements of plaintiffs' claims. But MLI in no way supports the implicit premise of its argument, that DeMere would be *bound* by any of these findings. For him to be bound he would have to be in privity with a party to the lawsuit. *Zurich Insurance Co. v. Baxter International, Inc.*, 173 Ill. 2d 235, 246, 670 N.E.2d 664, 669 (1996). Privity exists only between parties who adequately represent the same legal interests. *Diversified Financial Systems, Inc. v. Boyd*, 286 Ill. App. 3d 911, 916, 678 N.E.2d 308, 311 (1997). And the "doctrine of representation" provides an exception to the rule requiring joinder of indispensable parties when the absent party is so represented by others that his interest receives actual and efficient protection. *Schnuck Markets, Inc. v. Soffer*, 213 Ill. App. 3d 957, 982, 572 N.E.2d 1169, 1187 (1991); *Moore v. McDaniel*, 48 Ill. App. 3d 152, 158, 362 N.E.2d 382, 388 (1977).[3] DeMere cannot be prejudiced by any findings that are not binding on him, and his absence will be excused (under the doctrine of representation) for any findings by which he will be bound. See 4 R. Michael, Illinois Practice § 29.2, at 27 (1989). Because DeMere will not be prejudiced regardless of whether he is in privity with MLI, we need not at this point, for purposes of resolving this issue, determine whether they are in privity.[4]

We do not perceive—nor does MLI suggest—any potential prejudice to DeMere other than as a result of a finding in this case binding him directly. This case is not analogous to cases involving a limited fund, the depletion of which might prejudice the absent party (compare *Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 52 N.E.2d 1000 (1944)), nor to cases in which a claimant in an underlying tort action could be prejudiced by the outcome of an insured's declaratory

[3]We note MLI's argument that plaintiffs waived the argument that MLI would adequately protect DeMere's interests because they never raised this argument before the circuit court. We reject the waiver argument, as plaintiffs did argue that the MLI agreement required MLI to conduct litigation, including this case. MLI was thus put on notice of plaintiffs' position that it would represent DeMere.

[4]In section I(B)(2), *infra*, we conclude DeMere and MLI are in privity in the course of analyzing whether DeMere must be joined to protect MLI.

judgment action against his insurer (compare *Society of Mount Carmel*, 268 Ill. App. 3d at 661, 643 N.E.2d at 1284).

MLI argues that the provision in part VII(B)(i) of the MLI agreement that DeMere may "appoint his own attorney to cooperate in the defense" shows that the interests of MLI and DeMere may be antagonistic and, thus, it cannot be counted on to represent him adequately. We also note, in fairness, that part VII(B)(ii) of the agreement, which reduces the royalties MLI owes DeMere by any damages, royalties or settlement of a claim, could reduce MLI's incentive to fully litigate the issues in the case. However, we must reiterate that MLI's only argument of potential harm to DeMere's interests is premised upon DeMere being bound by the result in this case. He will be bound *only* if MLI adequately represents his interests. *Diversified Financial Systems*, 286 Ill. App. 3d at 916, 678 N.E.2d at 311. And the doctrine of representation provides that a necessary party need not be joined if his interests are fully and adequately represented. Accordingly, he need not be joined to protect his interests.

Because we find DeMere's presence is not required for the protection of his interests, we need not consider the fairly compelling contention that the 1994 arbitration award has already determined DeMere's rights.

B. Protecting a Party Before the Court (MLI)—Will MLI be Prejudiced by DeMere's Absence?

■ MLI next states that DeMere's presence in this litigation is necessary for its own protection, if not for DeMere's. It argues a verdict in this lawsuit requiring it to pay plaintiffs the royalties owed to DeMere under the MLI agreement in the future could subject it to multiple claims by different parties to the same monies. MLI contends DeMere could bring suit against it for breach of contract, should it cease payments to him, and could conceivably win such a suit, as he would not be bound by the result here. MLI would also be in a difficult situation if the trial court held the MLI agreement was void, as plaintiffs have requested. MLI could no longer sell the products, because it would no longer have any rights to the technology. On the other hand, MLI argues, DeMere would not be bound by the result in this case and the contract would appear still to be valid as far as he is concerned; unless and until a court determined otherwise, MLI would remain obligated to make royalty payments thereunder. The possibility of exposing a defendant to multiple or inconsistent obligations if he is later sued by the absent party is a reason to deem that party necessary. 4 R. Michael, Illinois Practice § 29.2, at 28 (1989). MLI could be subject to inconsistent verdicts in future lawsuits if DeMere is not bound by the result in this case.

Plaintiffs argue that DeMere and MLI are in privity, however, and DeMere would thus be collaterally estopped from bringing any action to enforce the agreement against MLI if in this action it was determined that the agreement was void. MLI suggests that this argument has been waived because plaintiffs failed to raise it before the circuit court and also argues it (MLI) is not in privity with DeMere.

Although plaintiffs did not argue privity *per se* in the circuit court, they did argue that in the MLI agreement DeMere had ceded to MLI the right to control lawsuits such as this one. This is, in essence, an argument of privity. See Restatement (Second) of Judgments § 41(1)(b) (1982). As the contractual provisions alone establish that MLI and DeMere were in privity, we find the argument has not been waived.

██ █ The Restatement (Second) of Judgments provides that one way in which a nonparty to an action may be bound by the result therein is when he is "represented" by a party. *Diversified Financial Systems*, 286 Ill. App. 3d at 916, 678 N.E.2d at 311, citing Restatement (Second) of Judgments § 41 (1982). A person is represented by, *inter alia*, a party who has been "[i]nvested by the [absent party] with authority to represent him in an action." Restatement (Second) of Judgments § 41(1)(b) (1982). Part VII(B)(i) of the MLI agreement gives MLI the "right" to defend *"any"* demand, suit or claim" by a third party "based on an alleged infringement of a patent *or other right* as a result of the use of the rights granted" under the MLI agreement (emphasis added). By this provision DeMere has granted MLI the right to control the defense of third-party suits, including the instant suit.

The conclusion that DeMere has invested MLI with authority to represent him is strongly supported by the fact that the agreement allows DeMere to "appoint his own attorney to cooperate in the defense." Clearly, DeMere would be bound by the result if he exercised his right and appointed his own attorney to participate in the case. It appears also that should he waive that right, he would be allowing MLI to proceed on his behalf and should be bound (presuming, of course, that MLI gives him sufficient notice to allow him intelligently to exercise his option to intervene).

The Restatement also provides that one may be bound by the result in an action to which one is not a party if one has "agree[d] to be bound by the determination of issues in an action between others." Restatement (Second) of Judgments § 40 (1982). Part VII(B)(ii) of the agreement provides that if MLI is forced to pay damages or royalties or settles a claim, the royalties it would otherwise owe to DeMere

will be reduced by the amount of its payments. This is in some sense an agreement to be bound; perhaps more accurately it resembles an agreement to indemnify MLI. It goes further than the Restatement, because DeMere has agreed his royalties may be reduced not only by a damage award in a suit but even by a "compromise" (settlement). DeMere has clearly put himself in MLI's hands with respect to the control of litigation in cases such as the instant one.

We therefore conclude DeMere and MLI are in privity with respect to the instant litigation. This means DeMere will be bound by the resolution of the issues in this case. Accordingly, MLI does not face the prospect of multiple or inconsistent obligations. Thus, although it initially appears that DeMere's presence is necessary to protect MLI, this is in fact not the case.

### C. Is DeMere's Presence Necessary to Enable the Court to Make a Complete Determination of the Controversy?

■ So far, we have determined that DeMere is not a necessary party for purposes of protecting his or MLI's interests, which are the first two tests listed in *Safeco Insurance*. The final type of necessary party, under the third test there enumerated, is one whose presence is required in order for the court to completely resolve the controversy. DeMere is necessary under this definition, because although he will be bound by the result obtained in the action against MLI (see above), the action against MLI does not comprehend all of the causes of action that may exist solely between plaintiffs and DeMere, independent of MLI, nor does the MLI agreement require MLI to represent DeMere in any cause brought against him directly.

However, as will be discussed more fully below, plaintiffs urge that a party whose presence is necessary only to afford the court the opportunity to completely resolve the controversy differs from one whose presence is necessary to protect his or another's interests. They argue that joinder of the former type of party is discretionary, rather than mandatory, and the court should not have required DeMere's joinder in this case.

### II. RAMIFICATION OF DeMERE'S ABSENCE

The next question, then, is, What is the effect of our conclusion that DeMere is a necessary party? Plaintiffs argue that even assuming the accuracy of this result, the circuit court erred in dismissing the case, for several reasons. First, they protest that they were not accorded a "reasonable opportunity" (see 735 ILCS 5/2—407 (West 1994)) to join DeMere before the action was dismissed. Second, they raise the argument noted above, that the case should not have been

dismissed merely for want of a party necessary only in order to enable the court to make a complete determination of the controversy. Finally, they argue in the alternative that the proper course for the court would have been either to require MLI to implead DeMere or for itself to enter an order adding him as a party.

A. Did the Circuit Court Violate Section 2—407 of the Code in Dismissing the Case Outright?
■ Section 2—407 of the Code provides that "[n]o action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties." 735 ILCS 5/2—407 (West 1994). Plaintiffs' first argument thus has some weight. However, it does not determine the case. As noted, the circuit court dismissed the action because not only was DeMere a necessary party, but plaintiffs had "conceded" that he could not be joined. If the court was correct in this latter finding—if plaintiffs did, indeed, concede DeMere could not be joined—the court did not err in failing to allow them to attempt what they had conceded was impossible. There is no such thing as a reasonable opportunity to attempt an impossible act.

1. Did plaintiffs concede they could not join DeMere?
In their motion to reconsider and on appeal to this court, plaintiffs assert that the circuit court misstated their position. They argue they never said they could not join DeMere. Our review of the record indicates that the circuit court was correct. As noted, the record does not contain a transcript of the oral arguments on the motion to dismiss, during which the circuit court found plaintiffs had represented to the court that they were unable to locate DeMere for purposes of service of process.

However, plaintiffs' written response to the motion to dismiss is contained in the record, and it is replete with statements that De-Mere is unjoinable because of the arbitration clause. Page 1 of the response distinguishes the instant case from the "typical" necessary party case on the basis that "although [DeMere] is undoubtedly subject to the court's long-arm jurisdiction, *plaintiffs cannot name him as a defendant because, pursuant to the terms of the Partnership Agreement, any disputes between plaintiffs and [DeMere] must be resolved through arbitration in Zurich, Switzerland*" (emphasis added). On page 2 plaintiffs observe that defendant "*concedes*" that plaintiffs would be precluded from joining DeMere by the terms of the partnership agreement. They go on to note that because they are "required to arbitrate any disputes with [DeMere] in Zurich, Switzer-

land, and because defendant cannot be compelled to join that arbitration, *no forum exists in which plaintiff could pursue claims against both [DeMere] and defendant*" (emphasis in original). Page 5 of the response counters MLI's argument that DeMere's presence is necessary to protect its interests with the observation that "[d]efendant has no arbitration agreement with [DeMere], and therefore is not subject to the limitation that *prevents plaintiffs from naming [DeMere]*" (emphasis added). Page 6 of the response argues that the court should not dismiss on the basis that DeMere's presence is necessary for a complete determination of the controversy because "[g]iven the absence of a forum in which plaintiffs can sue both defendant *and* [DeMere], plaintiffs submit that the 'desirability' of having [DeMere] as a party defendant must yield to plaintiffs' right to have *some* forum in which it can pursue its claims against defendant" (emphasis in original).

Clearly, contrary to plaintiffs' argument, they admitted they could not bring DeMere in as a party defendant. Indeed, plaintiffs went further than this; they affirmatively premised several arguments *on* their inability to join DeMere. In their brief to this court, plaintiffs admit that in the circuit court they

"urged that the contractual barrier to claims against DeMere raised by the arbitration clause was relevant to determining first whether or not DeMere is an indispensable party; and, if so, whether requiring plaintiffs[ ] to assert claims against DeMere is the proper way to make DeMere a party, given defendant's own ability to join DeMere as a party."

We must, therefore, consider whether plaintiffs should be permitted to disavow that position, as they attempted to do in their motion to reconsider and before this court.

2. Should plaintiffs be bound by their position that they could not join DeMere?

Although this issue might appear to involve judicial estoppel, it is in actuality a question of waiver. Whether plaintiffs can join DeMere despite the arbitration provision in the partnership agreement is a question of law, not of fact, and judicial estoppel does not apply to opinions or legal positions.[5] See *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 259 Ill. App. 3d 836, 852, 635 N.E.2d 485, 496

---

[5]The representation that plaintiffs were unable to locate DeMere in order to serve him is a statement of fact. Although plaintiffs represent to this court that they did not in fact so state, they have not presented this court with a record from which we may determine whether they did. Neither a transcript nor a bystander's report (see 155 Ill. 2d R. 323(c)) of the hearing

(1994) (and cases cited therein). However, it is well settled that one may not raise a legal theory for the first time in a motion to reconsider (*Continental Casualty Co. v. Security Insurance Co.*, 279 Ill. App. 3d 815, 821, 665 N.E.2d 374, 377 (1996)) or on appeal (*Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 662 N.E.2d 1248, 1253 (1996)). In the instant case plaintiffs did more than simply *fail* to argue before the trial court that they could join DeMere despite the arbitration clause; they argued the diametric opposite of that position. This constitutes at the very least a waiver of the argument that they can join him, and they are therefore precluded from raising their ability to implead DeMere as a ground of error in the circuit court's decision.

Because plaintiffs are bound by their position that they cannot implead DeMere, the circuit court did not abuse its discretion in failing to extend to them the opportunity to do so.

### B. If DeMere was Necessary Only in that his Presence was Required to Enable the Court to Make a Complete Determination of the Case, did the Court Act Within its Discretion in Dismissing the Action Because of his Absence?

However, plaintiffs also argue that the court should not have dismissed the case if DeMere was necessary only in that his presence was required to enable the court to make a complete determination of the case. They argue that joinder of parties fitting this description is discretionary under the Code, citing *Safeco Insurance*, 238 Ill. App. 3d at 547, 606 N.E.2d at 382.

■ We agree that joinder of parties whose presence is not required to protect their interests or to protect the interests of a defendant, but only for the court to completely resolve all issues in the case, is discretionary rather than mandatory. This type of necessary party corresponds to the old class of "necessary" parties in federal practice, whereas the other two types of necessary parties correspond to the

---

on the motion to dismiss is included in the materials before us. The burden is on the appellant to furnish a record to substantiate any claim of error in earlier proceedings. *Hotze v. Daleiden*, 229 Ill. App. 3d 301, 305, 593 N.E.2d 564, 566 (1992). Accordingly, we will not overturn the circuit court's determination that they did make such a representation. However, an assertion of this sort is susceptible to change over time. As the circuit court noted at the hearing on the motion to reconsider, the fact that a party could not be located yesterday does not mean he cannot be located today or tomorrow. Thus this assertion as well is ill-suited for judicial estoppel. See *Timothy Christian Schools v. Village of Western Springs*, 285 Ill. App. 3d 949, 956, 675 N.E.2d 168, 173 (1996).

old class of "indispensable" parties. 4 R. Michael, Illinois Practice § 29.2, at 24, 33-34 (1989). As the *Safeco Insurance* court observed, the Code treats differently parties whose presence is necessary for a complete determination of the controversy and those whose interests may be adversely affected by the decision:

> "If a complete determination of a controversy cannot be had without the presence of other parties, the court *may* direct them to be brought in. If a person, not a party, has an interest or title which the judgment may affect, the court, on application, *shall* direct such person to be made a party." (Emphasis added.) 735 ILCS 5/2—406(a) (West 1994).

It has been suggested that although it may be "desirable" to join all parties needed to achieve a complete disposition of the controversy in the interests of judicial economy, this preference " 'should not operate to foreclose the plaintiffs' right to a forum, at least where a better one is not clearly available.' " *Safeco Insurance*, 238 Ill. App. 3d at 547, 606 N.E.2d at 382, quoting 4 R. Michael, Illinois Practice § 29.2, at 34-35 (1989). See also 4 R. Michael, Illinois Practice § 29.3, at 38 (1989). Previous cases have also recognized that the rules requiring joinder may "bend" when it is "next to impossible to join all the parties indispensable to the litigation." *Sullivan v. Merchants Property Insurance Co.*, 68 Ill. App. 3d 260, 263, 385 N.E.2d 897, 899 (1979); see also *Bank of Homewood v. Chapman*, 257 Ill. App. 3d 337, 347, 628 N.E.2d 974, 981 (1993).

We recognize the "general rule of equity that all persons must be made parties to the suit who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the judgment, so that the court may dispose of the entire controversy." *Feen v. Ray*, 109 Ill. 2d 339, 344, 487 N.E.2d 619, 620 (1985), citing *Oglesby*, 385 Ill. at 422-23, and *Riley v. Webb*, 272 Ill. 537, 538-39, 112 N.E. 340 (1916). This is not inconsistent with joinder of parties whose presence is required only for the court to completely resolve all issues in the case being discretionary. Although *Feen* refers to disposition of the "entire controversy," it speaks specifically of joinder of parties with legal or beneficial interests in the subject matter of the litigation who "will be affected by the judgment." Such parties are necessary under the first definition discussed above, to protect their own interests.

■ Thus the circuit court could have allowed the litigation to proceed despite DeMere's absence. The next question is whether it abused its discretion in refusing to do so. We conclude the court did abuse its discretion. Because of the existence of the arbitration clause between some but not all of the parties, it might very well be impos-

sible for the entire case to be resolved at one time. The Illinois Arbitration Act provides that a court "shall order the parties to proceed with arbitration" at the request of any party who shows the existence of a valid written arbitration agreement. 710 ILCS 5/2(a) (West 1994). Further, "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only." 710 ILCS 5/2(d) (West 1994). Under these two provisions, even if plaintiffs had found and served DeMere, there would have been no way to conclude all of the issues in a single proceeding once DeMere invoked his right to arbitration.[6]

MLI's suggestion that plaintiffs have an alternate forum in Switzerland ignores the fact that it (MLI) is not bound to participate in any arbitration between Holzer and DeMere, as it has no arbitration agreement with either of them. Even if plaintiffs did arbitrate with DeMere in Switzerland, it is far from clear that any result reached therein would have any effect on a subsequent refiling of this suit against MLI.[7] It would appear that this lawsuit would have to proceed exactly as it is now, unless of course the statute of limitations has run in the interim. Judicial economy is not served by the dismissal.

We conclude that the circuit court should have allowed the suit to proceed despite DeMere's absence. Accordingly, we need not reach plaintiffs' alternative arguments that the court either should have required MLI to implead him as a third party or itself entered an order joining him.

---

[6]We recognize that a panel of this court recently affirmed a circuit court's denial of a motion to compel arbitration on the bases that the party opposing arbitration was not the plaintiff; there was a close relationship between the parties and claims; and enforcing the arbitration clause could potentially increase costs and inefficiencies. *Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. Iko Manufacturing, Inc.*, 288 Ill. App. 3d 801, 806-07, 681 N.E.2d 102, 106 (1997). That case is inapposite as in this case a plaintiff, rather than a defendant, has entered into the arbitration agreement. We also note that our supreme court has granted leave to appeal in that case. *Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. Iko Manufacturing, Inc.*, 174 Ill. 2d 555, 686 N.E.2d 1158 (1997).

[7]We note that it is possible that the result in the arbitration could work collateral estoppel on MLI if it were confirmed and reduced to judgment and DeMere and MLI were found to be in privity. See *Horwitz, Schakner & Associates, Inc. v. Schakner*, 252 Ill. App. 3d 879, 885, 625 N.E.2d 670, 674 (1993).

## III. MOTION FOR RECONSIDERATION

Since we have reversed, we need not consider whether the trial court was correct in denying plaintiffs' motion for reconsideration. We note, however, that the court did have jurisdiction to entertain the motion. *Chand v. Schlimme*, 138 Ill. 2d 469, 478, 563 N.E.2d 441, 445 (1990), citing 155 Ill. 2d R. 303(a). Also, we note in passing that although the court erred in its conclusion regarding jurisdiction, it was within its discretion in rejecting the arguments raised in the motion, for the reasons already set forth in this opinion.

## CONCLUSION

For the reasons above stated, the order of the circuit court dismissing plaintiffs' complaint for failure to name a necessary party is reversed in case No. 1—97—0305. The notice of appeal in case No. 1—96—3944, filed before the motion to reconsider was disposed of, was of no effect (*Chand*, 138 Ill. 2d at 478, 563 N.E.2d at 445), and we accordingly dismiss the appeal in case No. 1—96—3944. The cause is remanded to the circuit court of Cook County for further proceedings consistent herewith.

No. 1—96—3944, Dismissed.
No. 1—97—0305, Reversed and remanded.

LEAVITT, P.J., and CAHILL, J., concur.